UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEAU RICHARD GLAVE,<br><br>                   Plaintiff,<br><br>     v.<br><br>JACOB SKELTON et al.,<br><br>                   Defendants. | Case No. 5:23-cv-02332-MEMF-PD<br><br>**ORDER ACCEPTING REPORT IN PART AND ADOPTING IN PART FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE [DKT. NO. 55]** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Complaint, the records on file, and the Report and Recommendation of United States Magistrate Judge Re: Defendants' Motion for Summary Judgment and Motion to Dismiss (the "Report"). The time for filing objections has expired and no objections have been made. The Court accepts the findings and recommendations of the Magistrate Judge in part and adopts them in part as its own findings and conclusions.

   **I.    Glave has not failed to exhaust his administrative remedies.**

The Court declines to adopt the findings and recommendations of the Magistrate Judge with respect to exhaustion of administrative remedies concerning Popplewell. The Court restates and reiterates the applicable law, but determines that Glave met his requirements of alerting the prison to the nature of the wrong because Glave explicitly stated that he suspected a "coverup" which would "lay the blame" on him and specifically asked for a proper investigation. Dkt. No. 28-2 at 37–40 (Grievance No. 267781).[1]

This should have alerted the prison to the fact that Glave was also raising concerns about how the incident was being treated and investigated. As Glave asserts in his opposition, he was not aware of all of the names of the defendants involved until after he submitted his initial grievance. Dkt. No. 42 at 3 ("Opp.").

Considering that "all justifiable inferences are to be drawn in [Plaintiff's] favor," it is reasonable to conclude that Plaintiff could not have named Popplewell in his grievance. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Thus, Plaintiff followed CRC policy in describing all information known and available to him to the best of his ability and the absence of Popplewell's name in the grievance is insufficient to grant summary judgment in favor of Popplewell.

Furthermore, in Plaintiff's second grievance, he again raised the issue of "collusion to cover up excessive force." Dkt. No. 28-2 at 24 (Grievance No. 286992). Liberally construed, these statements alerted the CRC that Plaintiff believed the June 6 incident was improperly investigated. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (noting that courts "construe liberally the filings and motions of a *pro se* inmate in a civil suit"). Thus, even though the

---

[1] This Court refers to the documents' internal pagination where possible. Where, as here, a filing is not internally continuously paginated, this Court refers to the documents' pagination as reflected on the CM/ECF header on each page.

grievances never named Popplewell, they satisfied "the primary purpose of a grievance: to notify the prison of a problem." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

## II. Glave shall be granted leave to amend his claim against Popplewell.

The Court accepts the findings and recommendations of the Magistrate Judge with respect to the fact that Glave has not stated—and cannot state—a claim against Popplewell for supervisor liability. The Court declines to accept the findings and recommendations of the Magistrate Judge with respect to whether Glave should be permitted leave to amend his claim otherwise. Glave has not explicitly stated the basis upon which he seeks to hold Popplewell liable for the failed investigation—as the Magistrate Judge pointed out. It is also possible that his claim against Popplewell may be *Heck*-barred. But given that this Court is required to grant leave to amend liberally, and it does not appear that amendment would be futile, the Court will grant leave to amend. It is possible that Glave can properly state a claim against Popplewell that is not *Heck*-barred based upon Popplewell's role in the investigation of the incidents at issue.

## III. *Heck* does not bar any of Glave's excessive force claims.

The Court accepts the findings and recommendations of the Magistrate Judge and adopts them as its own findings and conclusions with respect to the *Heck* bar—except for the Magistrate Judge's recommendation that this Court find that, "[t]o the extent Plaintiff alleges excessive force based on Skelton and Bailey performing a takedown maneuver causing him to fall face first onto the concrete, this claim would be *Heck* barred." Report at 27–28. Prevailing on this claim would not necessarily invalidate the Rules Violation Report (RVR) finding of guilt. In a section entitled "circumstances of violation," the RVR contains a lengthy recitation of the incidents at issue.

Dkt. No. 28-4, Ex. F at 1. Later, in a section entitled "Findings," the report states: "Subject was found: Guilty as Charged based on a preponderance of the evidence." *Id.* at 8. The "Findings" section also contains the following comments: "This finding was established based upon the preponderance of evidence presented at the hearing that demonstrate to this SHO [Senior Hearing Officer] the Subject struck custody staff." *Id.* The Defendants do not establish what—if anything—in the initial narrative was the basis of the finding, and the finding does not even identify any specific custody staff that were struck. To the contrary, there were several potential bases for the finding, and none was identified. It is certainly not clear that the finding of guilt was based upon a determination that Glave had struck Skelton and Bailey in particular, nor that he had struck them while they were in the lawful performance of their duties.

Under these circumstances, *Heck* does not operate as a bar. The Ninth Circuit has made it clear that although a conviction for resisting an officer or obstructing an officer necessarily requires a finding that the officer was engaged in the lawful performance of his duties, where there are "a variety of accusations" against the plaintiff and the factual basis for the conviction is not clear, *Heck* does not operate as a bar. *Sanford v. Motts*, 258 F.3d 1117, 1119 (9th Cir. 2001). In *Sanford*, a Section 1983 plaintiff was convicted of resisting an officer, and the officers claimed this conviction operated to bar her Section 1983 claims arising out of the same incident. The Ninth Circuit found that the defendant officers failed to establish the *Heck* bar because there were "a variety of accusations" against the plaintiff, any one of which may have been the basis for her conviction. *Id.* Similarly, in *Smith v. City of Hemet*, 394 F.3d 689, 698–99 (9th Cir. 2005), a Section 1983 plaintiff pleaded guilty to and was convicted of the crime of obstructing an officer in the lawful performance of his duties. Again, the Ninth Circuit found that the defendant officers failed to

establish the *Heck* bar. The factual basis for the plaintiff's plea of obstruction of an officer in the lawful performance of his duties was not clear; accordingly, the plaintiff could have pleaded to obstruction with respect to some of the officers' conduct—which was lawful—and not that of the others—which was unlawful and the basis of his 1983 claim. *Id.*

The *Heck* bar does not apply to any of Glave's excessive force claims and the Defendants' Motion is DENIED as to the excessive force claims. Due to the ambiguity of the RVR, Plaintiff's claims against Skelton and Bailey do not necessarily imply the invalidity of its finding.

## IV.   Referral to the Pro Bono Panel

The Court notes that Glave has sought appointment of counsel. *See* Dkt. No. 57. The Court will refer this matter to the Court's pro bono panel for possible appointment.

## V.   Conclusion

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment and motion to dismiss, Dkt. No. 28, are granted in part and denied in part as follows:

(1) Defendant Lieutenant Paul Popplewell is DENIED summary judgment based on lack of exhaustion of administrative remedies, and Popplewell's motion to dismiss the Eighth Amendment claims is GRANTED WITH LEAVE TO AMEND;

(b) Defendant Correctional Officer Malkeem Bailey's motion for summary judgment based on lack of exhaustion of administrative remedies is DENIED, and Bailey's motion to dismiss the excessive force claims against him under the Eighth Amendment is DENIED;

(c) Defendants Bailey and Correctional Officer Jacob Skelton's motion for summary judgment is DENIED based on Plaintiff's

excessive force claims being *Heck*-barred under the Penal Code § 69 conviction and the Rules Violation Report; and

(d) the Court will refer this matter to the Pro Bono Civil Rights Panel for possible appointment.

Dated:  March 30, 2026

_____
HON. MAAME EWUSI-MENSAH FRIMPONG
UNITED STATES DISTRICT JUDGE